1  Michael J. McCue (NV Bar No. 6055)
   MMccue@LRLaw.com
2  LEWIS AND ROCA LLP
   3993 Howard Hughes Parkway, Suite 600
3  Las Vegas, NV  89169-5996
   Telephone:  (702) 949-8200
4  Facsimile:   (702) 949-8398

5  Terrance J. Wikberg
   (*pro hac vice* application to be filed)
6  PERKINS COIE LLP
   700 14th Street, NW
7  Washington, D.C. 20005
   Telephone:  (202) 551-1756
8  Facsimile: (202) 551-0156

9  Attorneys for Plaintiff Torchmate, Inc.

10                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
11

12  TORCHMATE, INC.,

13          *Plaintiffs*                          **Case No:  3:13-cv-00305**

14       *vs*.                                    **COMPLAINT**

15  PLASMACAM, INC.,                              **(JURY DEMAND)**

16          *Defendants*

17
          Plaintiff Torchmate, Inc. ("Torchmate") brings this action to recover for the damage
18
    caused by, and to prevent further damage arising from Defendant PlasmaCAM Inc.'s
19
    ("Defendant") unlawful use of Torchmate's trademark.  Defendant's unlawful use of Torchmate's
20
    trademark gives rise to the claims asserted in this Complaint including: (1) trademark infringement
21
    under § 32 of the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin and false
22
    description and representation under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3)
23
    trademark dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and (4) unfair
24
    competition, deceptive trade practices, trademark infringement and unjury enrichment arising
25
    under the statues and laws of Nevada..  Torchmate, for its Complaint against Defendant, alleges by
26
    and through its attorneys as follows:
27

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3537341.1

**PARTIES**

1.      Torchmate is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1170 Trademark, Suite 101, Reno, Nevada 89521. Torchmate possesses extensive technical information and know-how relating to the development, manufacture and sale of industrial cutting products and supplies and is the owner of intellectual property, including certain trademarks, relating to cutting technology.

2.      On information and belief, Defendant PlasmaCAM, Inc. is a corporation organized and existing under the laws of the State of Colorado and has its principal place of business at 5112 Graneros Road, Colorado City, Colorado 81019.

**JURISDICTION AND VENUE**

3.      This is an action arising under the trademark laws of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121.

4.      This Court has personal general jurisdiction over Defendant because the Defendant conducts business in and throughout the State of Nevada by, among other things, offering for sale, selling and distributing products into Nevada. The Court has specific jurisdiction over the Defendant because Defendant has caused and continues to cause tortious injury to Torchmate in the State of Nevada and Torchmate's claims arise out of Defendant's contacts with the State of Nevada.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

**FACTUAL ALLEGATIONS AND BACKGROUND**

**The Torchmate Trademark**

6.      Torchmate is an industry leader in the design, development and manufacture of metal cutting systems, components and supplies, among other things. As a result of the Torchmate's efforts over the years, Torchmate is a leading supplier of cutting products in the United States, selling to all categories of consumers, including industrial, professional and small business manufacturers. These consumers identify Torchmate as the source of these cutting products.

7.      The "Torchmate" name and the Torchmate Trademark listed in paragraph #9 below

have become associated with Torchmate's corporate identity and serves as an indication of source for products made and sold by Torchmate and the high quality standards to which those products are made.

8.    Due to this association, Torchmate, which greatly values its intellectual property, applied for and received trademark protection under Section 2(f) of the Lanham Act, including the Torchmate Trademark listed in paragraph #9 below.

9.    Torchmate is the owner of U.S. Trademark Registration No. 3,480,449 (the "Torchmate Trademark"), which was duly and lawfully registered on August 5, 2008.   The Torchmate Trademark is a standard character trademark and is associated with cutting machines and devices using pantograph or coordinate drive mechanisms and parts and components therefore.  A true and correct copy of the Torchmate Trademark registration is attached hereto as Exhibit A.  Torchmate is the owner of all right, title and interest in the Torchmate Trademark and has the right to sue and recover damages for infringement of this mark.

10.    Torchmate has also expended substantial sums of money and time in the development, advertising, and promotion of the Torchmate Trademark.  As a result, the Torchmate Trademark has achieved enormous recognition and corresponding good will within the cutting industry and has come to be recognized and relied on by the trade as identifying products originating exclusively with Torchmate, being of very high quality, and recognized as a leading brand in the industry.  The Torchmate Trademark is a strong and famous mark.

11.    Through its extensive advertising campaigns and through its production and sale of consistently high quality cutting industry products, Torchmate has established the Torchmate Trademark as a valuable, prominent, and famous trademark in the cutting industry.

## DEFENDANTS' UNLAWFUL USE OF THE TORCHMATE TRADEMARK

12.    On information and belief, Defendant has purchased the Torchmate Trademark as a sponsored advertising keyword on internet based search websites, such as Google.   This unauthorized use of the Torchmate Trademark causes Defendant's website URL to appear on internet based search webpages as a sponsored advertisement, including for example on Google based searches.  The selection of Defendant's URL on the Google search page leads directly to

Defendant's webpage, which offers goods and services that directly compete with Torchmate and Torchmate's goods and services protected under, and associated with, the Torchmate Trademark. An example of Google search page with Defendant's advertisement is attached as Exhibit B.

13.     Torchmate has never and does not now sponsor, endorse, authorize or permit Defendants' use of the Torchmate Trademark.

14.     On information and belief, Defendant has knowledge and notice of the Torchmate Trademark and Torchmate's rights, goodwill, and valuable reputation in and to this trademark. Defendant has used and continue to use the Torchmate Trademark for the purpose of taking advantage of Torchmate's goodwill and valuable reputation in the these marks, and to convey that its products are made of the same high quality and standards associated with products made and sold by Torchmate.  By using the Torchmate Trademark, Defendant is creating a belief in the public that it and its products are associated with Torchmate and is therefore misappropriating Torchmate's goodwill and reputation.

15.     Defendant's actions are willful, wanton, and in deliberate disregard of Torchmate's rights, and are done to cause confusion, and make this an exceptional case.

16.     Torchmate has been and will continue to be irreparably harmed by Defendant's illegal and unauthorized use of the Torchmate Trademark and by Defendant's acts of infringement, dilution, false advertising and unfair competition.

17.     Torchmate has no adequate remedy at law.

## COUNT I
### (Infringement of Federally Registered Trademark – 14 U.S.C. § 1114)

18.     Torchmate incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

19.     This claim arises pursuant to 15 U.S.C. § 1114, Section 32 of the Lanham Act, for infringement of Torchmate's federally registered Torchmate Trademark.

20.     After the adoption, use and registration by Torchmate of the Torchmate Trademark, Defendant adopted and began using the mark in commerce without the authorization of Torchmate.  Defendant's conduct is willful and with full knowledge of Torchmate's prior use of and rights to the Torchmate Trademark.

21.     Defendant's use of the Torchmate Trademark in connection with its cutting products is a violation of Torchmate's rights and constitutes infringement of the Torchmate Trademark, because such use is likely to cause confusion, mistake, and deception of consumers as to the source of Defendant's goods and services in light of the Torchmate Trademark.

22.     Upon information and belief, Defendant's conduct is intentional and willful, and Defendant's acts have been and are being committed with the intent and purpose of misappropriating the goodwill of Torchmate.

23.     Torchmate has been, is, and will continue to be irreparably harmed by Defendant's unauthorized use of the Torchmate Trademark.  In particular, because of Torchmate's inability to regulate either the conditions of the products sold or the advertisements of Defendant, Defendant's unauthorized use of Torchmate's mark will cause injury to the valuable reputation and goodwill Torchmate has developed in this trademark.

24.     As a direct and proximate result of Defendant's violation of Torchmate's trademark rights, Torchmate has been damaged by a loss of profits and sales.  Further, Defendant has benefited by its continued unauthorized use of the Torchmate Trademark, thereby realizing profits and sales it would not otherwise have obtained.  Torchmate has also incurred attorneys' fees and costs to bring the present action.

25.     Defendant is now committing the acts alleged above and has refused to cease committing those acts after due notice of Torchmate's rights.  Unless Defendant is enjoined from continuing its wrongful acts, Torchmate will continue to be immediately and irreparably harmed.

26.     Torchmate has no adequate remedy at law, and the balance of the equities favors Torchmate.

## COUNT II
### (False Designation of Origin – 15 U.S.C. §1125(a)(1)(A))

27.     Torchmate incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

28.     This Count arises under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act, for false designation, description, and representation of goods and services as to their nature and origin.

29.     After the adoption, use and registration by Torchmate of the Torchmate Trademark, Defendant adopted the Torchmate Trademark in connection with the sale of similar goods.

30.     The mark adopted by Defendant is Torchmate's trademark, and the use of this trademark by Defendant is likely to cause confusion, mistake and deceive customers.

31.     Defendant is not authorized or licensed to use the Torchmate Trademark.  Despite these facts, Defendant has used and continues to use the Torchmate Trademark in commerce in a manner likely to cause confusion or mistake as to the origin of its cutting products.  Because of Defendant's wrongful use of Torchmate's mark, Defendant is deceptively leading consumers to believe that Defendant's products originate with or are sponsored or otherwise approved by Torchmate, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Defendant has committed, are now committing and will continue to commit the acts described above unless enjoined by this Court.

33.     Defendant is intentionally and willfully deceiving the public while depriving Torchmate of the sales and profits it would otherwise obtain, and Defendant has irreparably damaged the valuable reputation and goodwill of Torchmate and the Torchmate Trademark.

34.     Torchmate has no adequate remedy at law, and the balance of the equities favors Torchmate.

### COUNT III
### (Dilution – 15 U.S.C. § 1125(c))

35.     Torchmate incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

36.     This Count arises under 15 U.S.C. § 1125(c), Section 43(c) of the Lanham Act, for dilution of trademarks.

37.     Subsequent to the adoption, use and registration by Torchmate of the Torchmate Trademark, Defendant adopted the Torchmate Trademark in connection with the sale of identical goods.

38.     The Torchmate Trademark is distinctive and famous.  By adopting and using Torchmate's trademark in commerce, Defendant has diluted Torchmate's rights in and to the Torchmate Trademark, in violation of Section 43(c).

39.     Defendant's use of Torchmate Trademark blurs and tarnishes and thereby dilutes the Torchmate Trademark.

40.     Torchmate has no adequate remedy at law, and the balance of the equities favor Torchmate.

## COUNT IV
### (Common Law Unfair Competition)

41.     Torchmate incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

42.     Defendant's acts constitute unfair competition and misappropriation of Torchmate's name, business reputation and good will, under the common law of the State of Nevada.

43.     Defendant's acts are intended to attract attention to Defendant's products and thereby gain a commercial advantage by attracting business by the use of Torchmate's goodwill.

44.     Defendant's activities have caused and will cause irreparable harm, damage, and injury to Torchmate, for which Torchmate has no adequate remedy at law.

45.     The activities of Defendant has damaged, are damaging, and will continue to damage Torchmate in an amount as yet undetermined.

## COUNT V
### (Attorneys' Fees)

46.     Torchmate incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

47.     Torchmate is entitled to recover its attorneys' fees and expenses pursuant to 15 U.S.C. § 1117 because Defendant's infringement is malicious, fraudulent and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Torchmate prays for the following relief:

1.     That the Court enter Judgment in favor of Torchmate and against Defendant on each of Torchmate's claims;

2.       A permanent injunction enjoining Defendant and its officers, agents, owners, employees, confederates, attorneys and any persons in active concert or participation with them from:

a.       Using the Torchmate Trademark, or any other confusingly similar trademarks or trade dress, in connection with the advertising, manufacturing, offering for sale, distribution or sale of cutting products and services;

b.       Using the Torchmate Trademark, or any other confusingly similar trademarks or trade dress, in a manner that it likely to dilute the distinctiveness of the Torchmate Trademark;

c.       Committing any other acts calculated to cause actual or potential purchasers to believe that Torchmate is the source or sponsor of Defendant's goods;

d.       Shipping, delivering, printing, ordering, importing, distributing, returning, transferring, destroying, or otherwise moving or disposing of in any manner such cutting products and/or other goods, packaging, or other material falsely bearing or intended to bear the Torchmate Trademark or any reproduction, counterfeit, copy, or colorable imitation of the Torchmate Trademark; and

e.       Assisting, aiding, or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through d;

3.       That the Court issue a permanent injunction under Counts I through IV including, but not limited to, an Order enjoining Defendant from using any trademarks, trade dress or other proprietary marks, symbols, designs, or logos of Torchmate;

4.       That within 5 days from the date of such Order, Defendant must remove the Torchmate Trademark or any other proprietary mark of Torchmate from any listing of sponsored advertising on the internet or via any electronic media in which Defendant advertises, from exterior signs or advertisement containing the Torchmate Trademark or any other proprietary mark of Torchmate from Defendant's places of business, and Defendant shall remove all other items used by Defendant in connection with the operation of its business which contain the Torchmate

Trademark or Torchmate's other proprietary marks and names, including but not limited to cutting products, signs, pictures, advertisements and flyers, from Defendant's premises and placed in storage and be made available to Torchmate for inspection and destruction, and that Defendant be ordered to list the Torchmate Trademark as a negative word in any listing of sponsored advertising on the internet or via any electronic media in which Defendant advertises;

5.     That Torchmate recovers its damages under Counts I through IV incurred as a result of Defendant's continued unauthorized use of the Torchmate Trademark, including without limitation the revenues and profits received by Defendant from its use of such mark;

6.     That Torchmate recovers under Count V its reasonable attorneys' fees and expenses incurred in connection with bringing this action;

7.     That all costs of this action be charged against Defendant;

8.     Find Defendant's conduct to be willful and wanton;

9.     That Defendant's actions be found exceptional and that Torchmate be awarded damages equal to three times its actual or compensatory damages caused by the intentional wrongful acts of Defendant, together with Defendant's profits from the sales of product acquired as a result of their unlawful use of the Torchmate Trademark or any colorable imitation thereof and any other remedy provided under 15 U.S.C. § 1117 or the laws of the State of Nevada;

10.     As the result of Defendant's unlawful, willful, and malicious conduct, that Torchmate be awarded exemplary and punitive damages and the costs of this action, together with reasonable attorneys' fees;

11.     That Defendant be required, in accordance with 15 U.S.C. §1115, to file with this Court and serve on Torchmate's undersigned counsel within thirty (30) days from the date of entry of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction; and

12.     Such other and further relief as the Court deems just, proper, and equitable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Torchmate demands a jury trial on all issues so triable.

Dated: June __, 2013

By:  _/s/ Michael J. McCue_____
Michael J. McCue (Nevada Bar #6055)
mmccue@lrlaw.com
Jonathan W. Fountain (Nevada Bar #10351)
jfountain@lrlaw.com
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200 (phone)
(702) 949-8398 (facsimile)

**Of Counsel:**

Terrance J. Wikberg
(*pro hac vice* application to be filed)
**PERKINS COIE LLP**
700 14th Street, NW
Washington, D.C. 20005
(202) 551-1756 (phone)
(202) 551-0156 (facsimile)

*Attorneys for Plaintiff Torchmate, Inc.*